ALONSO RIERA Y COMPAÑÍA, INC., PROMOVENTE, *v.* LUIS CAMPILLO, JUEZ DE LA CORTE DE DISTRITO, Y ALONSO RIERA, DEMANDADOS.

SOLICITUD para que se expida un auto inhibitorio contra el Juez de la Corte de Distrito de San Juan, Primer Distrito.

No. 24.—Resuelto en marzo 31, 1922.

AUTO INHIBITORIO — ALEGACIONES — PARTES. — No constando de la moción pidiendo auto inhibitorio para que la corte inferior se abstenga de continuar un procedimiento de *injunction* que alega el peticionario le perjudica, que éste es parte en tal procedimiento ni siquiera que llamó la atención de la corte inferior hacia las supuestas irregularidades de que se queja, la expedición del auto debe denegarse.

Los hechos están expresados en la opinión.

Abogados de la promovente: *Sres. Texidor y de la Haba.*
Los demandados no comparecieron.

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

En septiembre de 1921, Javier Alonso Riera estableció procedimientos de *injunction* contra Herminio Madera, Jaime Pizá, Benito Alonso, M. Riera Palmer y Leopoldo Santiago Carmona, alegando en substancia que en mayo 16, 1914, Javier Alonso Riera constituyó una sociedad mercantil con los demandados Herminio Madera, Manuel Alvarez y Enrique Alonso Riera, bajo la razón social de "Alonso Riera & Compañía," para dedicarse a la compra-venta de tabaco en rama y demás negocios del ramo; que en abril 17, 1915, Javier Alonso y Enrique Alonso vendieron sus respectivos haberes y participaciones a los otros consocios Manuel Alvarez y Herminio Madera, estipulando la continuación de dicha sociedad y que se continuara usando por los referidos Alvarez y Madera el nombre o razón social Alonso Riera & Cía. por todo el tiempo porque fué constituída tal sociedad según la escritura de marzo 16, 1914, y usando tal nombre en las prórrogas que de dicha sociedad se hicieran; que en marzo 17 y diciembre 1, 1917, respectivamente, fué prorrogado dicho término hasta diciembre 1, 1922; que la autorización así conferida no tenía eficacia ni validez legal alguna toda vez que está en contravención abierta con lo dispuesto en el artículo 126 del Código de Comercio; que posteriormente Manuel Alvarez vendió todo su haber y participación en la sociedad a Herminio Madera, lo que de hecho disolvió la referida sociedad de Alonso Riera & Cía., quedando como único y exclusivo dueño del negocio con cargo de todo su activo y pasivo; que no obstante esta disolución el demandado Madera continuó usando y proyectó continuar usando en el futuro como razón social el nombre de Alonso Riera & Cía. violando así el convenio celebrado con el demandante Javier Alonso y su hermano Enrique, asumiendo la eficacia y validez legal de este convenio que fué negado, y también lo dispuesto en la legislación mercantil vigente toda vez que no puede usarse una razón social colectiva que indique una sociedad debidamente constituída donde no existe de hecho y de derecho tal

sociedad; que el uso del referido nombre es motivo de confusión entre los clientes de Javier Alonso, algunos de los cuales dirigían equivocadamente su correspondencia al establecimiento de Madera; que en la correspondencia dirigida al peticionario por equivocación de la administración de correos han venido incluídas cartas, las que han sido retenidas y contestadas por el referido Madera con la idea de establecer relaciones comerciales con los clientes de dicho Javier Alonso; que dicho Madera había venido y usaba maliciosamente sobres y circulares con sólo los apellidos Alonso Riera, lo que tenía exclusivamente por objeto el aumentar la confusión entre el establecimiento de Madera y el de Javier Alonso a los efectos de apropiarse maliciosamente de parte de la clientela de Javier Alonso; que dicho Madera con fecha reciente ha formado otra sociedad bajo la razón social de Madera Hermanos para dedicarse al mismo negocio de compra-venta de tabaco en rama, que dicho Madera era el principal socio gestor de dicha sociedad y que la referida sociedad había sido constituída con la idea de competir y hacerle daño a la supuesta sociedad de Alonso Riera & Cía. con el objeto de perjudicar el buen nombre de Alonso Riera, ilegalmente incluído en la actualidad en la razón social Alonso Riera & Cía.; que Javier Alonso era uno de los mayores competidores de dicho Madera en el negocio de compra-venta de tabaco en rama y había venido dedicándose por mucho tiempo y se dedicaba entonces al referido negocio bajo su propio nombre de Javier Alonso Riera con el cual es generalmente conocido por todos sus clientes y el público en general, gozando dicho nombre de gran crédito en esta isla y en el extranjero desde mucho antes de la fundación de la sociedad de Alonso Riera & Cía.; que el propósito del demandado Madera de continuar su negocio bajo la llamada razón social de Alonso Riera & Cía. no es otro que el de controlar las actuaciones de la supuesta sociedad de Alonso Riera & Cía. con el fin de desacreditar dicho nombre, ocasio-

nando de esta manera gran daño al buen nombre, reputación
e intereses de uno de sus mayores competidores, el referido
Javier Alonso; que con el fin de poner término a este estado
de confusión y de competencia maliciosa, el referido Javier
Alonso en julio, 1921, había radicado en la corte de distrito
una demanda de *injunction* perpetuo en contra del deman-
dado Madera, pára impedir el uso ilegal por dicho deman-
dado Madera de los apellidos Alonso Riera en la supuesta
entidad mercantil de Alonso Riera & Cía., o en ninguna otra
forma, el cual *injunction* estaba pendiente de trámites en la
actualidad; que pendiente aún dicho procedimiento de *in-
junction* el demandado Madera con el fin de burlar la reso-
lución que en su día se dictase de acuerdo con la súplica de
la demanda, consiguió maliciosamente que los demandados
Mariano Riera Palmer y Benito Alonso, así como los demás
co-demandados entraran a formar parte como incorporadores
de una corporación de acuerdo y con sujeción a las leyes de
Puerto Rico bajo el nombre de Alonso Riera & Cía., Inc.,
cuyo propósito había realizado recientemente habiéndose ex-
pedido por la Secretaría Ejecutiva de Puerto Rico, a ins-
tancias de dichos incorporadores, el correspondiente certifi-
cado de incorporación; que el objeto principal de la refe-
rida corporación es idéntico al de la extinta sociedad de Alonso
Riera & Cía., o sea, la compra-venta de tabaco en rama y
demás negocios del ramo; que los referidos Mariano Riera
Palmer y Benito Alonso no se dedicaban ni se habían dedi-
cado nunca a este negocio, ejerciendo el primero su profe-
sión de abogado en la ciudad de Mayagüez, ignorándose por
el peticionario la ocupación exacta del segundo; que dichos
demandados Riera Palmer y Alonso han sido hecho figurar
por el demandado Herminio Madera como incorporadores
de la corporación de referencia, sólo y exclusivamente para
poder hacer uso de sus apellidos en el nombre de la dicha
nueva corporación, violando así los derechos del demandante
y con gran perjuicio de sus intereses; que el referido Madera

siguiendo el plan concebido ha hecho publicar anuncios en la prensa y enviado circulares a sus clientes dando aviso de la referida incorporación; que en los anuncios de la prensa se publicaron los nombres de los incorporadores de la nueva corporación, que son: Jaime Pizá, Benito Alonso, M. Riera Palmer y Leopoldo Santiago Carmona, sin que figure o esté conectado en forma alguna el referido Herminio Madera; que todo esto viene a aumentar la confusión reinante al añadir aparentemente una nueva entidad, además de las existentes, en la que debían de figurar los apellidos de Alonso Riera, y todo ello en violación abierta de los derechos de dicho Javier Alonso y con gran perjuicio de sus intereses, los que sufrirían grandes e irreparables daños.

En la súplica de la demanda se pedía que se decretara por la corte un auto de *injunction* perpetuo ordenando a los demandados, sus agentes y empleados se abstuvieran totalmente de usar los apellidos "Alonso Riera" como parte del nombre de la corporación "Alonso Riera & Cía., Inc.," así como en sus cartas, sobres y circulares, o en ninguna otra forma, ya directa o indirectamente, que pudiera dar lugar a confundir el establecimiento que tiene Javier Alonso bajo su propio nombre con el de la nueva corporación, y mientras se oía y resolvía, decretar un *injunction* preliminar en los términos antes expuestos.

A esta petición se acompañó una declaración jurada de Manuel Alonso, quien manifestó que Herminio Madera se había acercado al declarante en la calle y le había manifestado que necesitaba alguna persona de apellido Alonso para una corporación que intentaba establecer, preguntando si al declarante le gustaría figurar como uno de los incorporadores, a lo que el declarante contestó que no deseaba formar parte de ninguna corporación en la cual tuviera él solamente un interés nominal y no real.

Otro *affidavit* acreditaba la publicación en septiembre 6

por orden de los Sres. "Alonso Riera & Cía." de una notificación de que el Secretario Ejecutivo había expedido un certificado de incorporación de la corporación "Alonso Riera & Cía.," la que se dedicaría al negocio de venta de tabaco en rama, y a la fabricación de tabacos y cigarrillos.

Otro *affidavit* acredita una publicación semejante hecha en septiembre. 10.

Habiendo sido llamado a declarar como testigo del peticionario el Sr. Mariano Riera Palmer, y por razón de alegar estár imposibilitado para comparecer a la vista, presentó un *affidavit* en el que se incluyen las siguientes manifestaciones: ·

"Que hace algún tiempo se personó en mi oficina notarial don Alfonso Valdés, ofreciéndome en nombre de don Herminio Madera, a quien no conozco, unas acciones para fundar una corporación tabacalera, las cuales acciones tenían un valor de cien dólares. Al manifestarle que me era imposible tomar dichas acciones por carecer de dinero en el momento, me informó dicho señor Valdés que tales acciones podían ser pagadas tan cómodamente· como yo quisiera, y que si era cierto que la industria tabacalera se encontraba afectada por una crisis, en el futuro dichas acciones habrían de adquirir gran valor con el consiguiente incremento del negocio. Que por tratarse de un buen amigo mío como lo es el señor Valdés, quien vino en representación según me dijo, del señor Madera, no tuve inconveniente alguno en tomarle cinco acciones con la condición de que habían de ser pagadas cuando y como me fuera posible, a lo cual accedió el señor Valdés, preguntándome entonces si yo tendría inconveniente alguno en que mi apellido figurase en el nombre de la corporación y yo como tal incorporador, a lo cual no hice objeción alguna. Algún tiempo más tarde el señor Valdés acompañado del notario don Juan Alemañy Sosa, me trajo las cláusulas de incorporación de la corporación denominada 'Alonso Riera & Cía., Inc.' las cuales cláusulas firmé de acuerdo con lo convenido. Lo declarado es la verdad con todo lo relacionado con el asunto indicado sin que haya omitido detalle alguno. Que estoy ajeno en absoluto de los móviles que indujeron al señor Valdés y al señor Madera a ofrecerme las acciones indicadas, así como el de utilizar mi apellido para constituir el nombre de dicha corporación y de hacerme figurar como incorporador de la misma."

La declaración jurada de Javier Alonso trata de todos los particulares que contiene la petición arriba descrita además de otros detalles históricos interesantes, cuya enumeración se omite aquí en pro de la brevedad.

La contestación formulada por todos los demandados en los procedimientos de *injunction* alega la falta de jurisdicción en equidad por razón de existir un remedio adecuado en la ley, o sea, una acción para anular el contrato descrito en la petición; e insisten en que en vista del carácter mandatorio de la orden que se solicita la orden preliminar sería improcedente; porque el peticionario no tenía derecho a pedir un *injunction* preliminar por virtud de la autorización conferida a Madera para usar el nombre de Alonso Riera & Cía., por hallarse impedido por sus propios actos hasta tanto sea obtenida una declaración de nulidad del convenio a que antes se ha hecho referencia y una declaración legal de disolución de la sociedad Alonso Riera & Cía.; que no aparecieron los daños irreparables; que el procedimiento se basaba en un contrato, el cual, según la alegación de la misma demanda no tenía eficacia ni validez legal; que de la faz de la demanda y de los *affidavits* del demandado aparecía que Madera había usado el nombre de Alonso Riera & Cía. mucho antes de que lo hiciera el peticionario y que el peticionario quería establecer una competencia maliciosa en contra de Madera; que los *affidavits* del demandado mostraban un saldo de conveniencia en favor del demandado y demandados; y que el negocio de una corporación o sociedad mercantil no debía ser restringido o anulado por meros especulativos o posibles perjuicios.

Un *affidavit* suscrito por Herminio Madera contiene el siguiente párrafo (bastardilla nuestra):

"Que el suscribiente considerándose con derecho al uso del nombre Alonso Riera & Cía. y *para ampliar sus negocios e incorporar a este negocio el de la mercantil Alonso Riera & Cía.,* ha sido uno de los promotores de una corporación llamada Alonso Riera & Cía., Inc.,

cuya corporación ha sido aceptada por el Secretario Ejecutivo de Puerto Rico.''

La corte de distrito libró una orden preliminar de *injunction* contra la cual los demandados Pizá y Santiago Carmona interpusieron apelación.

La corporación ha solicitado la expedición de un auto inhibitorio para impedir cualquier acción ulterior en los procedimientos de *injunction* y solicita además que sea anulada la orden disponiendo el libramiento del auto preliminar de *injunction*.

Alega la petición además de que están pendientes los procedimientos de *injunction*, entre otras cosas, que en dichos procedimientos fueron emplazados personalmente los demandados que en el título del caso se nombran, y tal emplazamiento se les hizo en sus propios nombres y no en representación de ninguna otra personalidad, y menos aún en la de Alonso Riera & Cía., Inc., pues ellos no tenían tal representación y porque esa corporación no aparece como demandada; que el juez de distrito, después de oir a las partes, dictó una orden restrictiva que se copia íntegramente en la petición, cuya parte principal es como sigue:

''La corte decreta el *injunction* preliminar y en su consecuencia ordena que mientras se resuelve este caso los demandados, sus agentes y empleados se abstendrán totalmente de usar los apellidos de Alonso Riera como parte del nombre de la corporación 'Alonso Riera & Cía., Inc.' así como en sus cartas, sobres y circulares o en ninguna otra forma, ya directa o indirectamente, que pueda dar lugar a confundir el establecimiento que bajo su propio nombre tiene establecido en esta ciudad el demandante con el de la nueva corporación.''

Las demás alegaciones son como siguen:

''Séptimo: Que la referida resolución, suspende los negocios y tráfico de la corporación 'Alonso Riera y Compañía, Incorporada' que por virtud de la misma, no puede usar su nombre, ni realizar negocios, a pesar de hallarse legalmente incorporada en la Secretaría

de Puerto Rico, y de no haberse seguido contra ella proceso legal alguno para hacerla cesar en sus negocios.

"Octavo: Que de acuerdo con la ley estableciendo el auto de *injunction,* no puede concederse un *injunction* para suspender los negocios generales u ordinarios de una corporación, a menos que medie notificación a los oficiales o administrador de la misma; lo que no se ha hecho en el caso que motiva esta petición.   (Sección 9, Ley 8 de Marzo de 1906.)

"Noveno: Que en el aludido pleito número 259, no ha sido parte esta corporación; ni ha sido oída, ni se la ha citado para que exponga y alegue; y no obstante todo esto, se ha dictado la resolución que más arriba queda transcrita y que la imposibilita para sus negocios.

"Décimo: Que la peticionaria carece de remedio adecuado y eficiente, en ley, para ir contra esa resolución, dado que no es parte en el pleito en que aquella recayó; y que cualquier remedio que en ley utilizara, en el caso de que lo hubiera, sería tardío, y quedaría la corporación sin poder efectuar negocios mientras se sustanciara el pleito.

"Undécimo: Que la suspensión de los negocios de esta corporación, que de tal resolución se deriva forzosamente, causa a la corporación un perjuicio gravísimo, cuya estimación en dinero no puede hacerse previamente.   Y que la referida resolución anula el derecho legal de esta peticionaria a ejercer el comercio libremente.

"Duodécimo: Que la resolución de que se viene tratando ha sido dictada sin que la corte y el juez tengan jurisdicción sobre la corporación peticionaria, que no se halla ante dichas corte y juez en procedimiento alguno de ley o de equidad."

En tanto consideramos el estatuto que prohibe el libramiento de "un *injunction* para suspender los negocios generales y corrientes de una corporación" sin la debida notificación, no aparece de la faz de las alegaciones, o del mandamiento, que la corte de distrito intentó librar, o en realidad libró, tal mandamiento.   Si la peticionaria fuera una verdadera corporación *bona fide* organizada de buena fe y no como mero subterfugio o *comouflage* para ocultar y eludir la responsabilidad por la multitud de actos dudosos que se imputan a su causante, si no en nombre, Alonso Riera

& Cía., entonces es difícil comprender como puede perjudicar a tal corporación que es tercera de buena fe la orden restrictiva librada por la corte de distrito.   De todos modos parece que sería una contestación suficiente a la solicitud de auto inhibitorio decir que si la corporación nuevamente organizada tiene cualesquiera derechos en equidad que indirectamente han sido infringidos o perjudicados por la orden restrictiva, pudo y debió hacerse primero una solicitud interesando un remedio y exponiendo los hechos al juez sentenciador que libró la orden de *injunction*.   Entonces podría haberse interpuesto una apelación contra una sentencia adversa en este particular, si alguna hubo.   La ley que autoriza los autos inhibitorios prescribe expresamente "que no podrá pedirse ningún auto inhibitorio para impedir cualquier resolución de tribunales inferiores que fuera revisable por medio de apelación."   *A fortiori* la solicitud debe ser denegada cuando el peticionario no ha sido hecho parte en los procedimientos de que se queja y ni siquiera ha llamado la atención de la corte sentenciadora a las supuestas irregularidades, privando así al juez sentenciador de la oportunidad a que tiene derecho para corregir las mismas.

"La doctrina, sin embargo, de que una corporación es una entidad legal que existe por separado e independiente de las personas que la componen, es una mera ficción introducida por motivos de conveniencia y para servir a los fines de la justicia.   Esta ficción no puede alegarse hasta un límite y propósito que no esté dentro de su razón y política, y se ha resuelto que en un caso adecuado y en pro de los fines de la justicia, una corporación y la persona o personas que son dueños de todas sus acciones y activo, serán consideradas como idénticas.   Así pues, cuando una corporación procede en ley o cuando alega un título a una propiedad, o el título a la propiedad está envuelto, la corporación se considera como una persona separada y distinta de sus accionistas o de cualquiera o de todos ellos; pero cuando procede en equidad para alegar derechos que por su naturaleza son de equidad, o solicita un remedio basado en reglas o principios de equidad, una corte de equidad no olvidará que los accionistas son los ver-

daderos y esenciales beneficiarios para recobrar, y si los accionistas no tienen derecho en equidad, ni equitativamente están justificados en obtener el remedio que tratan de hacer valer por la corporación en beneficio suyo, no se permitirá recobrar a la corporación.   Además, la existencia corporativa como entidad distinta de sus miembros puede ser pasada por alto con el fin de contrarrestar el propósito fraudulento de los accionistas en su organización.'' ' 7 R. C. L., página 27, sec. 4.

Debe desestimarse la solicitud y negarse el auto solicitado.

*Desestimada la solicitud y denegado el auto.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf y Aldrey.